**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elias GUTIERREZ–SUAREZ,**
**Defendant–Appellant.**

**No. 04–40648.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Mark Michael Dowd, U.S. Attorney's Office Southern District of Texas, Brownsville, TX, Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Miguel A. Nogueras, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and
DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the sentence of Elias Gutierrez–Suarez. *United States v. Gutierrez–Suarez,* 115 Fed.Appx. 256 (5th Cir.2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Gutierrez–Suarez v. United States,* No. 04–9316 (Jun. 7, 2005). We requested and received supplemental briefs addressing *Booker's* impact. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

Gutierrez–Suarez argues that he is entitled to resentencing because the district court sentenced him under the mandatory application of the United States Sentencing Guidelines that was prohibited by *Booker.*

In *United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005), this court rejected the argument that Gutierrez–Suarez seeks to preserve for further review, that application of the guidelines under the mandatory system is structural and presumptively prejudicial. Instead, such error is subject to the plain error analysis set forth in *United States v. Mares,* 402 F.3d 511 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). *Martinez–Lugo,* 411 F.3d at 600–01. Because Gutierrez–Suarez raised an argument related to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in his initial brief before this court, his argument is reviewable for plain error.

See *United States v. Cruz,* 418 F.3d 481, 484 (5th Cir.2005).

Gutierrez–Suarez concedes that the district court did not give any indication that his sentence would have been lower if the district court had sentenced him under the post-*Booker* advisory regime. He has therefore failed to show that the error affected his substantial rights and has thus failed to establish plain error. *See Martinez–Lugo,* 411 F.3d at 600–01.

We conclude, therefore, that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore REINSTATE OUR JUDGMENT affirming Gutierrez–Suarez's conviction and sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.